IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| F.K., by and through her mother, A.K., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| DEPARTMENT OF EDUCATION, State of Hawaii, KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaii Public Schools, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Civ. No. 12-00136 ACK-RLP

| | |
|---|---|
| DEPARTMENT OF EDUCATION, State of Hawaii, KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaii Public Schools, | )<br>)<br>)<br>)<br>)<br>) |
| Third-Party Plaintiffs and Counterclaim Defendants, | )<br>)<br>)<br>)<br>) |
| vs. | )<br>) |
| LOVELAND ACADEMY, LLC, PATRICIA J. DUKES, individually and as Director of Loveland Academy, LLC, and DOE DEFENDANTS 1-10, | )<br>)<br>)<br>)<br>) |
| Third-Party Defendants and Counterclaimants. | )<br>)<br>)<br>) |

ORDER GRANTING IN PART
THIRD-PARTY DEFENDANTS' MOTION
TO DISMISS THIRD-PARTY
COMPLAINT

## ORDER GRANTING IN PART THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY COMPLAINT

For the following reasons, the Court GRANTS IN PART Third-Party Defendants' Motion To Dismiss the First Amended Third-Party Complaint. Counts I, II, and IV of the Third-Party Complaint are hereby DISMISSED without prejudice. The Court DENIES the Motion as to Counts III and V.

### PROCEDURAL HISTORY

On March 9, 2012, minor Plaintiff F.K., by and through her mother, A.K., filed a Complaint against the state Department of Education and the Superintendent of Hawai'i Public Schools in her official capacity (together "DOE"). (Doc. No. 1.) On April 5, 2012, DOE filed an Answer to the Complaint and a Third-Party Complaint against Loveland Academy, LLC and Patricia J. Dukes individually and in her official capacity as Director of Loveland Academy (together "the Loveland Parties"). (Doc. No. 12.) On May 27, 2012, the Loveland Parties filed an Answer to the Third Party Complaint and a Counterclaim against DOE. (Doc. No. 23.) On June 6, 2012, DOE filed an Answer to the Loveland Parties' Counterclaim. (Doc. No. 29.)

On September 17, 2012, with the Court's permission, DOE filed a First Amended Third-Party Complaint. (Doc. No. 68 ("DOE Compl.").) On October 1, 2012, the Loveland Parties filed the instant Motion To Dismiss DOE's Complaint. (Doc. No. 77 ("Motion").) On October 15, 2012, DOE filed an Opposition to the

2

Motion. (Doc. No. 85 ("Opp'n").) On October 22, 2012, the
Loveland Parties filed a Reply. (Doc. No. 90.) The Court held a
hearing on the Motion on November 5, 2012.

## FACTUAL HISTORY[1]

DOE alleges that Loveland Academy provides special
education and related services to IDEA-eligible students and is
paid by DOE for its services. (DOE Compl. ¶ 17.) Plaintiff F.K.
has attended Loveland Academy since 2008. (Id. ¶ 18.) DOE paid
for F.K.'s education for the 2008-2009 and 2009-2010 school
years. (Id. ¶ 19.) At some point, the Loveland Parties obstructed
DOE's ability to review F.K.'s educational records, including by
(a) requesting that DOE obtain F.K.'s parent's written consent to
review the records; (b) establishing a specific date and time
that DOE would be allowed to monitor F.K.'s education; and (c)
preventing DOE from speaking to F.K.'s teachers and therapists.
(Id. ¶ ¶ 25, 36, 43, 50.) DOE therefore stopped paying for F.K.'s
tuition, as required by Hawai'i Revised Statutes § 302A-443 ("Act
129"). (Id. ¶ ¶ 26, 38.) F.K. then filed the instant action,
naming DOE as defendant and alleging, inter alia, that Act 129 is
unconstitutional under the Supremacy Clause. (Id. ¶ ¶ 5.) On June
22, 2012, the Court granted F.K.'s motion for a preliminary

---

[1]The facts as recited in this Order are for the purpose of
disposing of the instant motion and are not to be construed as
findings of fact that the parties may rely on in future
proceedings in this case.

injunction, finding that F.K. was likely to prevail on her claim,
and ordering DOE to pay stay put payments for F.K.'s tuition
throughout the pendency of F.K.'s litigation. (Doc. No. 33.)

        DOE alleges that it is the Loveland Parties' fault that
DOE has been sued by F.K. (DOE Compl. ¶ ¶ 47, 58.) DOE's
Complaint brings five purported claims against the Loveland
Parties: (1) violation of Act 129 and the federal Individuals
with Disabilities Education Act ("IDEA"); (2) violation of the
Family Educational Rights and Privacy Act ("FERPA"); (3)
negligence; (4) civil conspiracy; and (5) attorneys' fees and
costs.

### STANDARD

        Federal Rule of Civil Procedure 12(b)(6) ("Rule
12(b)(6)") permits dismissal of a complaint that fails "to state
a claim upon which relief can be granted." Under Rule 12(b)(6),
review is generally limited to the contents of the complaint.
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir.
1996). Courts may also "consider certain materials — documents
attached to the complaint, documents incorporated by reference in
the complaint, or matters of judicial notice — without converting
the motion to dismiss into a motion for summary judgment." United
States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents
whose contents are alleged in a complaint and whose authenticity

4

is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. No. 84 Emp'r-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. See Sprewell, 266 F.3d at 988. Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Id.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment." Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citations and internal quotation marks omitted).

## DISCUSSION

## Count I: Violation of HRS 302A-443(f) and IDEA

DOE's "Count I" alleges that the Loveland Parties have violated two statutes, Act 129 and 20 U.S.C. § 1412(a)(10)(B). DOE seeks declaratory relief from the Court in the form of a finding that the Loveland Parties violated the IDEA and Act 129. (Opp'n at 3-4.) This Count does not appear to state a claim upon which relief may be granted.

First, 20 U.S.C. § 1412(a)(10)(B) states:

(i) In general

Children with disabilities in private schools and facilities are provided special education and related services, in accordance with an individualized education program, at no cost to their parents, if such children are placed in, or referred to, such schools or facilities by the State or appropriate local educational agency as the means of carrying out the requirements of this subchapter or any other applicable law requiring the provision of special education and related services to all children with disabilities within such State.

(ii) Standards

In all cases described in clause (i), the State educational agency shall determine whether such schools and facilities meet standards that apply to State educational agencies and local educational agencies and that children so served have all the rights the children would have if served by such agencies.

Neither DOE's Complaint nor its Opposition demonstrates how the Loveland Parties can have violated 20 USC § 1412(a)(10)(B). The

7

statute on its face does not place any requirements on private schools; it places requirements upon "the State educational agency" – that is, DOE. <u>See</u> 20 U.S.C. § 1401(32) ("The term 'State educational agency' means the State board of education or other agency or officer primarily responsible for the State supervision of public elementary schools and secondary schools . . . .") The Court has found no cases in which a private school was found to have violated this subsection. The Court cannot logically be asked to declare that the Loveland Parties violated a law which they are not required to follow.

Next, Act 129 states in relevant part:

> Any private school or placement that receives funding from the department for the placement of a student with a disability . . . shall allow the department access to . . . monitor any student placed at the private school or placement. Monitoring under this subsection shall include but not be limited to:
>
> (1) The monitoring of all private schools and placements to ensure compliance with all applicable federal, state, and county laws, rules, regulations, and ordinances pertaining to health and safety;
>
> (2) The monitoring of all students with disabilities placed in a private school or placement to ensure that:
>
> (A) Each student is receiving academic education, instruction, and programming as required by the student's individualized education program; and
>
> (B) The curriculum and instruction are rigorous, based on content standards, and aligned with the Common Core State Standards;

(3) The direct observation of a student with a disability placed in a private school or placement, with or without notice to the private school or placement;

(4) The review of all records, notes, or documentation related to students with disabilities placed in a private school or placement; and

(5) The right of the department to talk to the student's teachers at the private school or placement at reasonable times.

Unlike 20 U.S.C. § 1412(a)(10)(B), Act 129 on its face applies to the Loveland Parties. The Court finds, however, that whether the Loveland Parties violated Act 129 is not a proper subject for declaratory relief under either federal or state law.

**Federal Declaratory Relief**

Declaratory relief under federal law is governed by the Declaratory Judgment Act, 28 U.S.C. § 2201. See Fed. R. Civ. Proc. 57. Under federal law, declaratory relief is a remedy, not a claim. E.g., Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007); In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993). Federal actions for declaratory judgment "are governed by the same pleading standards that are applied in other federal civil actions. . . . The Declaratory Judgment Act neither extends the jurisdiction of the federal courts nor enlarges substantive rights." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1238 (3d ed. & supp. Sept. 2012).

9

The purpose of the Declaratory Judgment Act is "to give litigants an early opportunity to resolve federal issues to avoid 'the threat of impending litigation.'" <u>Biodiversity Legal Found. v. Badgley</u>, 309 F.3d 1166, 1172 (9th Cir. 2002) (quoting <u>Seattle Audubon Soc'y v. Moseley</u>, 80 F.3d 1401, 1405 (9th Cir. 1996)). Moreover, federal declaratory relief is appropriate only when the judgment will "serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." <u>Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.</u>, 873 F.2d 229, 231 (9th Cir. 1989) (citation omitted).

Where a party seeks declaratory relief as to a claim or defense - or part of a claim or defense - the party has already raised, declaratory relief should be denied because it will not avoid impending litigation, and would neither clarify nor terminate the litigation. <u>See, e.g.</u>, <u>Trilogy Props. LLC v. SB Hotel Assocs. LLC</u>, Civ. No. 09-21406, 2010 WL 7411912, at *5 (S.D. Fla. Dec. 23, 2010) (dismissing declaratory judgment claim where claimant merely sought a determination on a factual dispute alleged in another claim); <u>Del. State Univ. Student Hous. Found. v. Ambling Mgmt. Co.</u>, 556 F. Supp. 2d 367, 373-74 (D. Del. 2008) (dismissing declaratory judgment claim where one party had sued the other for breach of contract and defendant countersued for a declaratory judgment that it had not breached the contract). In

Ambling, the court noted that refusing to grant the declaratory

relief sought by the defendant "will not deprive the [defendant]

of the ultimate remedy sought by its request for declaratory

judgment" because the issue would be answered with the resolution

of the other claim at issue in the case. Ambling, 556 F. Supp. 2d

at 375.

       Here, DOE seeks declaratory judgment that the Loveland

Parties breached Act 129 [2/] – which is one of the factual

allegations upon which DOE's negligence claim is based. (See DOE

Compl. at ¶ 43.) The requested declaratory relief would therefore

be tautological and would merely confuse the issues in this

litigation. See, e.g., Home Ins. Co. v. Perlberger, 900 F. Supp.

768, 773 (E.D. Pa. 1995) (dismissing claim for declaratory

---

[2/]The allegations laid out under DOE's "Count I" and "Count
II" and statements in DOE's opposition brief reflect that DOE
seeks declaratory judgment as to the Loveland Parties' past
conduct in preventing DOE from monitoring F.K. and refusing to
release F.K.'s records to DOE without parental consent. (See DOE
Compl. ¶¶ 24-25, 34-37; Opp'n at 3-4, 5.) Remarks made by DOE's
counsel at oral argument, however, suggested that DOE seeks
declaratory judgment as to the Loveland Parties' general duty to
comply with Act 129 in all cases. A third-party complaint is
limited to claims that are derivatively based on the original
plaintiff's claim. United States v. One 1977 Mercedes Benz, 708
F.2d 444, 452 (9th Cir. 1983); Am. Zurich Ins. Co. v. Cooper Tire
& Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) ("[A] defendant's
claim against a third-party defendant cannot simply be an
independent or related claim, but must be based upon the original
plaintiff's claim against the defendant.") F.K.'s original claim
concerns DOE's refusal to make stay-put payments to Loveland for
F.K.'s tuition. Claims that go beyond the scope of F.K's stay-put
status to encompass DOE's general relationship with the Loveland
Parties are not proper subjects for impleader and will not be
considered.

judgment where the declaration would be irrelevant if jury

reached one verdict and would require further court proceedings

if the jury reached another). Here, as in <u>Ambling</u>, <u>Perlberger</u>,

and <u>Trilogy Properties</u>, the declaratory judgment that DOE seeks

would be either irrelevant or confusing, because it merely

duplicates the question of whether the Loveland Parties violated

state law, which is already at issue in DOE's negligence claim.

Dismissing DOE's claim for declaratory relief therefore "will not

deprive [DOE] of the ultimate remedy sought by its request for

declaratory judgment." <u>Ambling</u>, 556 F. Supp. 2d at 375.

**State Declaratory Relief**

Under Hawai'i state law, declaratory relief is governed

by Hawai'i Revised Statutes § 632-1, which states:

> Relief by declaratory judgment may be granted
> in civil cases where an actual controversy
> exists between contending parties, or where
> the court is satisfied that antagonistic
> claims are present between the parties
> involved which indicate imminent and
> inevitable litigation, or where in any such
> case the court is satisfied that a party
> asserts a legal relation, status, right, or
> privilege in which the party has a concrete
> interest and that there is a challenge or
> denial of the asserted relation, status,
> right, or privilege by an adversary party who
> also has or asserts a concrete interest
> therein, and the court is satisfied also that
> a declaratory judgment will serve to
> terminate the uncertainty or controversy
> giving rise to the proceeding.

The Hawai'i Supreme Court has explained that under state law, much like under federal law, declaratory relief is properly granted only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant a declaratory judgment" and "the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding." Kaho'ohanohano v. State, 162 P.3d 696, 726 (Haw. 2007) (citations and quotations omitted).

As discussed above, in this case, the declaratory relief sought by DOE will not "serve to terminate the uncertainty or controversy giving rise to the proceeding." The declaration would merely decide one element of DOE's negligence claim.

The Court finds instructive the Intermediate Court of Appeals' unpublished disposition in County of Maui v. Lundborg, 220 P.3d 1052, at *4 (Haw. Ct. App. 2009) (unpublished). In that case, Lundborg twice applied for a state firearm permit; County of Maui denied first application and refused to consider his second. Id. at *1. County of Maui then filed a state court complaint seeking a declaration that Lundborg's first application had been properly denied; the trial court granted declaratory relief at the summary judgment stage. Id. The state appellate court reversed, holding that the trial court should not have

13

granted declaratory relief because the declaration "failed to 'terminate the uncertainty or controversy giving rise to the proceeding.'" Id. at *4 (quoting Kaho'ohanohano, 162 P.3d at 726). "By granting relief on the narrow, uncontested issue of the 1999 denial, the circuit court failed to settle the possibility of uncertainty and future litigation with respect to Lundborg's due process and equal protection claims arising from the County of Maui's refusal to consider his current eligibility." Id.

Here, as in Lundborg, the declaration that DOE seeks would not settle the uncertainty and litigation with respect to DOE and the Loveland Parties' mutual claims. It would merely decide one of DOE's factual allegations – one which is already at issue in its negligence claim.

In conclusion, DOE's "Count I" does not state a claim that is appropriate for declaratory relief under either federal or state law. The Court therefore DISMISSES this claim.

**Count II – Violation of FERPA and Hawai'i Administrative Rules**

DOE's Count II alleges that the Loveland Parties violated a provision of FERPA, 20 U.S.C. § 1232g, and Hawai'i Administrative Rules § 8-34-14(a)(1). This Count again does not appear to state a claim upon which relief can be granted.

First, Hawai'i Administrative Rules § 8-34-14 states:

(a) The department shall not make accessible nor release any education records or personally identifiable information without

14

> the written consent of the eligible student
> or parent. Exceptions to this shall be:
>
> (1) Department officials who have a
> legitimate educational interest in the
> records.

On its face, Hawai'i Administrative Rules § 8-34-14 applies to DOE, not to a private school such as Loveland Academy. The Court has found no legal authority to support the proposition that the rule can be applied to the Loveland Parties. Again, the Court cannot logically be asked to issue a declaration that the Loveland Parties violated a rule that they are not required to follow.

Next, 20 U.S.C. § 1232g states in relevant part:

> (1) No funds shall be made available under
> any applicable program to any educational
> agency or institution which has a policy or
> practice of permitting the release of
> education records (or personally identifiable
> information contained therein . . . .) of
> students without the written consent of their
> parents to any individual, agency, or
> organization, other than to the following--
>
> (A) other school officials, including
> teachers within the educational institution
> or local educational agency, who have been
> determined by such agency or institution to
> have legitimate educational interests,
> including the educational interests of the
> child for whom consent would otherwise be
> required . . . .

FERPA explicitly gives enforcement power to the federal Secretary of Education. 20 U.S.C. § 1232g(f); 20 U.S.C. § 1234c; see United States v. Miami Univ., 91 F. Supp. 2d 1132, 1137-38 (S.D. Ohio

15

2000). DOE has no power to bring a claim under FERPA. See Girardier v. Webster Coll., 563 F.2d 1267, 1276-77 (8th Cir. 1977) ("Enforcement is solely in the hands of the Secretary of Health, Education and Welfare . . . .")

Moreover, even accepting as true the facts alleged in DOE's Complaint, it is not at all clear that the Loveland Parties violated FERPA. FERPA states that a school shall not be paid if it habitually releases its students' records to third parties without parental consent, unless the third party is a school official. 20 U.S.C. § 1232g(1)(A). In other words, FERPA says that a school is allowed to release its students' records to school officials without parental consent; it does not say that a school must release its students' records to school officials without parental consent.[3] Cf. Norwood v. Slammons, 788 F. Supp. 1020, 1025 (W.D. Ark. 1991) ("Plaintiff does not, and could not in good faith, contend that FERPA requires the disclosure she

---

[3] The Court notes, however, that since FERPA allows schools to release records to school officials without parental consent, it would seem most schools would likely exercise their authority to do so; particularly in cases like Loveland Academy, where the vast majority of the school's funding comes from tuition fees paid by the state educational agency. Moreover, Hawai'i's Act 129 requires any private school that receives funding from DOE to allow the department to monitor any student placed at the school, including by allowing "review of all records . . . related to students with disabilities" placed at the school. HRS § 302A-443.

seeks. The most that plaintiff can and does say is that FERPA <u>does not prohibit</u> the requested release of the records.")[4/]

In any case, DOE's "Count II", like its first claim, is not a subject appropriate for declaratory relief under federal or state law. This Count again seeks a declaration from the Court that the Loveland Defendants violated a legal standard. (Opp'n at 5.) As discussed in detail above, such a declaration would be duplicative of DOE's negligence claim, would confuse the issues in this litigation, and would not terminate the controversy giving rise to these proceedings. The Court therefore DISMISSES this claim.

## Count III – Negligence

To state a claim for negligence under Hawai'i law, a plaintiff must plead "(1) duty; (2) breach of duty; (3) causation; and (4) damages." <u>Kaho'ohanohano v. Dep't of Human Servs.</u>, 178 P.3d 538, 563 (Haw. 2008). DOE has properly alleged all four elements of a negligence claim.

---

[4/]Counsel for the Loveland Parties at oral argument raised the question of whether FERPA applies to Loveland Academy at all, since Loveland Academy does not receive any funding directly from the federal government; Loveland Academy receives funds from DOE, which receives federal funds. This issue has arisen before, during oral argument on Plaintiff F.K.'s motion for a preliminary injunction. At that time, the Court found that the parties had not adequately addressed the issue and ordered them to brief it for the Court's consideration if it arose again. (<u>See</u> Order Granting Preliminary Injunction (Doc. No. 33) at 42 n.24.) Since neither party briefed this issue in their motion papers, however, the Court will not consider it at this time.

First, DOE has alleged that the Loveland Parties failed
to conform with a relevant statutory standard, namely Act 129.
(DOE Compl. ¶¶ 21, 24, 25, 43, 44.) These allegations plead the
first two elements of a negligence claim – a duty, and a breach
of that duty. E.g., State v. Tabigne, 966 P.2d 608, 616 (Haw.
1998) ("nonconformity with relevant statutory standards may be
admissible as evidence of negligence in civil cases"); Ono v.
Applegate, 612 P.2d 533, 539 (Haw. 1980) ("a standard of conduct
may be determined by reference to a statute").[5]

Next, DOE repeatedly pleads causation – that the
Loveland Parties' conduct caused DOE to terminate payments to
Loveland Academy, which then caused DOE to become embroiled in
this litigation with F.K. (DOE Compl. ¶¶ 26, 38, 45-47.)

Finally, DOE's claimed damages are the costs of its
litigation against F.K., which, as DOE correctly argues, are
recoverable if DOE proves that the Loveland Parties' wrongful

---

[5]At the hearing on the Motion, counsel for the Loveland
Parties repeatedly argued that DOE has refused to accept this
Court's ruling that Act 129 is unconstitutional. In granting
Plaintiff F.K.'s motion for a preliminary injunction, the Court
made a limited ruling that F.K. would likely succeed in showing
that subsection (i) of Act 129 is preempted by the Stay Put
provision of the IDEA. (See Order Granting Preliminary Injunction
at 37.) The Court's grant of a preliminary injunction was not a
final ruling on the merits. See Univ. of Tex. v. Camenisch, 451
U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is
merely to preserve the relative positions of the parties until a
trial on the merits can be held. . . . [T]he findings of fact and
conclusions of law made by a court granting a preliminary
injunction are not binding at trial on the merits.") DOE's
negligence claim is therefore viable at this stage.

acts involved it in the litigation. "It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others . . . such expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act, and may be recovered as damages." Lee v. Aiu, 936 P.2d 655, 668-69 (1997) (quoting Uyemura v. Wick, 551 P.2d 171, 176 (1976)) (further citations omitted).[6/]

In order to recover attorneys' fees as its damages, the party pursuing the attorneys' fees must establish four elements: (1) that the plaintiff became involved in a legal dispute because of the defendant's tortious conduct; (2) that the litigation was with a third party, not with the defendant from whom the fees are sought to be recovered; (3) that the attorneys' fees were incurred in that third-party litigation; and (4) that the fees and expenses were the natural and necessary consequences of the defendant's act. Lee, 936 P.2d at 668-69 (citations omitted). As detailed above, DOE's negligence claim pleads facts that, if proved, would support such recovery.[7/]

---

[6/]The Loveland Parties' argument in their Reply that the Lee language does not apply to DOE because DOE is not the "plaintiff" in this litigation (Reply at 10-11) is misleading. It is perfectly clear that as applied to DOE's Third-Party Complaint, DOE is the "plaintiff" and the Loveland Parties are the "defendants."

[7/]Such an award does not, however, encompass the costs necessary to establish the right to the award. Lee, 936 P.2d at

**Count IV - Civil Conspiracy**

Hawai'i does not recognize an independent cause of action for "civil conspiracy". Rather, a civil conspiracy action is derivative of other wrongs. See, e.g., Chung v. McCabe Hamilton & Renny Co., 128 P.3d 833, 843 (Haw. 2006); Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995). The Hawai'i Supreme Court has defined civil conspiracy as the "combination of two or more persons or entities by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means." Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 881 n. 28 (Haw. 1999) (emphasis added), superseded by statute on other grounds as stated in Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179 (2006).

Here, DOE's claim for civil conspiracy is derivative of its claim for negligence. It is possible to show a conspiracy to commit a negligent act; it takes the form of a conspiracy to do something the conspirators "should have known" was unlawful. See, e.g., United States v. Hansen-Sturm, 44 F.3d 793, 795 (9th Cir. 1995) (criminal defendants properly convicted of conspiracy to perform a negligent act where "the conspirators agree to conduct

---

669-70. In other words, if DOE prevails in its third-party claim against the Loveland Parties, it may recover attorneys' fees and costs that it spent on defending against F.K.'s claims, but it may not recover attorneys' fees and costs that it spent on prosecuting its third-party claim.

which they should have known was in violation of" the law). Here,
DOE alleges, or at least implies, that the Loveland Parties
agreed to acts which they should have known were in violation of
Hawai'i state law. (DOE Compl. ¶ 49.)

DOE has not, however, pleaded a single fact to show the
formation of any agreement or conspiracy. "[A] plaintiff's
obligation to provide the 'grounds' of his 'entitlement to
relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Twombly, 550 U.S. at 555 (internal citations and
quotations omitted) DOE states only that the Loveland Parties
"conspired". (DOE Compl. ¶ 49.) The Court is not bound to accept
DOE's conclusory statement as true if DOE pleads no facts to
support them. See Twombly, 550 U.S. at 555. The Court therefore
DISMISSES this claim.

**Count V: Attorneys' Fees**

Attorneys' fees as sought here are "an element of
damages," not a claim. See Lee, 936 P.2d at 669. As discussed
above, DOE has properly pleaded a claim for which attorneys' fees
may be recovered, namely, its negligence claim.

**Dr. Patricia J. Dukes**

Finally, the Loveland Parties argue for the first time
in their Reply that all claims against Dr. Dukes should be
dismissed because DOE has not alleged sufficient facts involving

her. (Reply at 12.) The Court will not consider this argument since DOE has had no opportunity to brief it. <u>See</u> L.R. 7.4 ("Any argument raised for the first time in the reply shall be disregarded."); <u>see, e.g.</u>, <u>Menashe v. Bank of N.Y.</u>, 850 F. Supp. 2d 1120 (D. Haw. 2012) (declining to consider arguments raised for the first time in a reply in support of a motion to dismiss).

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the Third-Party Defendants' Motion To Dismiss the Third-Party Complaint. The Court DISMISSES without prejudice DOE's claims for (1) violation of Act 129 and the IDEA; (2) violation of FERPA and Hawai'i Administrative Rules; and (3) civil conspiracy. The Court DENIES the Motion To Dismiss as to DOE's claim for negligence and its request for attorneys' fees and costs.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 7, 2012.



_____
Alan C. Kay
Sr. United States District Judge


<u>F.K. v. Department of Education</u>, Civ. No. 12-00136 ACK-LRP, Order Granting in Part Third-Party Defendants' Motion To Dismiss Third-Party Complaint.