IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| F.K., by and through her mother, A.K.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and KATHRYN MATAYOSHI,<br><br>    Defendants.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and KATHRYN MATAYOSHI in her official capacity as Superintendent of the Hawaii Public Schools,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>LOVELAND ACADEMY, LLC and DOE DEFENDANTS 1-10,<br><br>    Third-Party Defendants. | Civ. No. 12-00136 ACK-RLP |

## ORDER STAYING ACTION

    For the following reasons, the Court hereby STAYS all proceedings in this action other than those necessary to enforce the preliminary injunction issued on June 22, 2012 (Doc. No. 33), for six months or until the conclusion of appeals in Plaintiffs' IDEA administrative appeal, Civ. No. 12-00240, whichever is earlier. The Court hereby DEEMS WITHDRAWN all parties' motions for summary judgment (Doc Nos. 168-75).

## **STATUTORY FRAMEWORK**

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., was enacted by Congress to, among other things, "ensure that all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A) & (B). The IDEA provides federal money to state and local education agencies to assist them in educating disabled children, on the condition that the state and local agencies implement the substantive and procedural requirements of the IDEA. See R.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1121 (9th Cir. 2011).

Under the IDEA, state and local education agencies are required to identify children with disabilities and develop annual Individual Education Programs ("IEPs") for every child. 20 U.S.C. § 1414. The IDEA also provides procedural safeguards to help ensure that the child receives a FAPE, including an opportunity for due process hearings for complaints alleging any violation of the IDEA. K.D. v. Dep't of Educ., 665 F.3d 1110, 1114 (9th Cir. 2011).

When a parent disagrees with the contents of an IEP, the parent may challenge that IEP by demanding an administrative due process hearing. See 20 U.S.C. § 1415(b)(6), (f)(1)(A). During the pendency of the parent's complaint, unless the parties

2

agree otherwise, the child must stay in the then-current educational placement. 20 U.S.C. § 1415(j). The Ninth Circuit has interpreted this "stay-put" provision as requiring the school district to fund the child's "current educational placement" at a private school, when applicable. See <u>Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings</u>, 903 F.2d 635, 941 (9th Cir. 1990).

### FACTUAL & PROCEDURAL BACKGROUND[1/]

F.K. is a fourteen-year-old autistic girl who currently receives education and related services under the IDEA from the Hawaii Department of Education ("DOE").

In March 2009, an administrative hearings officer ordered the DOE to pay for F.K.'s education at a private school, Loveland Academy, through the summer 2010 extended school year.

At the end of the 2009-2010 school year, the DOE began a new IEP process for F.K, who remained at Loveland. In early 2011, the DOE offered F.K. a placement at her local public school through an Individualized Education Plan ("IEP") dated February 28, 2011. F.K.'s mother, A.K., rejected the IEP. Two DOE administrative proceedings and two federal cases before this Court ensued. For ease of reference, the instant action, which was filed directly with this Court, will be referred to as "F.K.

---

[1/] The Court and the Parties are familiar with the facts and procedural background of this case. Only the basic outline is recited here.

Case 1." The related case, which arose from F.K.'s two administrative proceedings, will be referred to as "F.K. Case 2."

## I. First Administrative Proceeding

On June 2, 2011, F.K., by and through A.K. ("Plaintiffs") filed a Request for Due Process Hearing (Case No. 1011-126), arguing that the February 2011 IEP did not provide F.K. with a FAPE. On October 12, 2011, a hearings officer held that F.K. was entitled to stay put protections from June 2, 2011 through the pendency of the proceedings.

The hearings officer held an evidentiary hearing on January 17-20 and 26 and February 16, 2012. On April 19, 2012, he issued a decision, finding that, inter alia: (1) Plaintiffs did not meet their burden of showing that the February 2011 IEP did not offer FAPE; (2) the withholding of payments under Act 129 did not constitute a unilateral placement; and (3) the DOE's reevaluations or proposed reevaluations of F.K. caused no harm to F.K. and did not violate the IDEA.

## II. Second, Concurrent, Administrative Proceeding

During fall 2011, the DOE and Loveland negotiated over, but were unable to agree on, times for the DOE to observe F.K.'s education at Loveland. In December 2011, the DOE therefore informed Loveland that it was withholding stay put payments, under Hawaii's "Act 129", see Haw. Rev. Stat. § 302A-443(I).

On December 30, 2011, while Plaintiffs' first administrative proceeding (described above) was still pending, Plaintiffs filed a new, separate Request for Due Process Hearing

4

(Case 1112-067), arguing that the DOE's withholding of payments to Loveland violated the IDEA. In response, the DOE argued that it was authorized under Act 129 to withhold payments to Loveland because Loveland had restricted or denied the DOE's attempts to monitor F.K.'s education. The proceeding was assigned to a different hearings officer than Plaintiffs' first administrative proceeding.

On February 21 and March 2, 2012, a hearing was held on the issue of whether the DOE properly invoked Act 129 when it withheld payment to Loveland. On April 25, 2012, the hearings officer issued his decision. He concluded that Plaintiffs had failed to show: (1) that the DOE's withholding of payments constituted a "unilateral placement" of F.K.; or (2) that the DOE's reevaluations or attempted reevaluations of F.K. had harmed her education. He also found that he did not have jurisdiction to consider A.K.'s arguments that Act 129 was preempted by federal law.

### III. **Proceedings Before this Court**

On March 9, 2012, in the midst of the DOE administrative proceedings described above, Plaintiffs filed a complaint in this Court, opening the instant action ("F.K. Case 1"). Plaintiffs made the following claims: (1) DOE's failure to reimburse is a unilateral placement; (2) DOE's failure to reimburse violated the IDEA; (3) DOE's failure to reimburse violated a Hearings Officer's order; (4) Act 129 conflicts with the IDEA and is therefore preempted; (5) DOE's reevaluations of

F.K. violate the IDEA; and (6) DOE's enforcement of Act 129 violates F.K.'s rights under the IDEA.

Meanwhile, on May 8, 2012, Plaintiffs appealed both the hearings officers' decisions described above to this Court, thus opening this Court's Civil Case No. 12-00240 ("F.K. Case 2").

On June 22, 2012, the Court issued an order in F.K. Case 1, granting a preliminary injunction against the DOE. (Doc. No. 33.) The Court ordered the DOE to pay the reasonable expenses for F.K.'s placement at Loveland from June 2, 2011 throughout the pendency of this action. (Id. at 49-50.)

On December 12, 2012, this Court issued an order in F.K. Case 2, affirming the two hearings officers' April 2012 decisions. Plaintiffs timely appealed that order, and the appeal is currently pending before the Ninth Circuit (Ninth Circuit Case No. 13-15071).

On March 28, 2013, all parties to F.K. Case 1 moved for summary judgment. (Doc. Nos. 168-75.) The Court then issued a minute order requesting supplemental briefing on whether F.K. Case 1 should be stayed until the appeals in F.K. Case 2 are completed. (Doc. No. 179.) The parties filed their supplemental briefs on April 12, 2013. (Doc. Nos. 183-85.) Plaintiffs oppose a stay.

## **DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>see</u> <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") The Court finds that staying proceedings in the instant case to await resolution of the appeal in F.K. Case 2 is in the interests of "economy of time and effort" for the Court itself, for counsel, and for the parties.

      The Court notes and credits Plaintiffs' argument that the appeal in F.K. Case 2 is unlikely to wholly dispose of the instant action, because F.K. Case 2 did not directly address the merits of Act 129. Nonetheless, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979). The Ninth Circuit has, for instance, instructed a district court to stay its proceedings pending the outcome of a state court action where, depending on the outcome of the state court action, one party could preclude the other party from relitigating some of the issues in the federal action. <u>See</u> <u>Williamson v. Gen. Dynamics Corp.</u>, 208 F.3d 1144, 1157 (9th Cir. 2000). That reasoning applies here. If the Ninth Circuit affirms this Court's order in

F.K. Case 2, that affirmation will directly decide, at a minimum, F.K.'s first and fifth claims in F.K. Case 1, which are identical to claims brought in F.K. Case 2. In fact, whatever the Ninth Circuit's ruling in F.K. Case 2, it is very likely to affect the claims in F.K. Case 1, given that the parties are identical and the issues in the two cases overlap so substantially.

Plaintiffs' argument that a stay will cause them "irreparable harm" because the DOE is behind in tuition payments (Doc. No. 185 at 9-10) is unconvincing. The Court has already issued a preliminary injunction requiring DOE to make stay-put payments to Loveland (Doc. No. 33) and has noted that any stay will not affect enforcement of the preliminary injunction (Doc. No. 179). Plaintiffs do not explain their grounds for believing that the DOE will obey a permanent injunction if, as they claim, the DOE is already disobeying a preliminary injunction.[2]

A stay pending the outcome of a related proceeding may not be "immoderate" and must have "reasonable limits." Landis, 299 U.S. at 257. The Court therefore stays proceedings in F.K. Case 1 for six months from the date of this Order, or until the Ninth Circuit issues an opinion in the appeal in F.K. Case 2, whichever is sooner. The parties shall notify the Court immediately of any other change in circumstances that might affect the need for this stay. In the meantime, the Court will

---

[2] The Court makes no ruling herein on the merits of Plaintiffs' allegations; the parties' continuing invoice disputes will be dealt with in a separate order.

continue to preside over enforcement of its preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court STAYS all proceedings in this action other than the parties' invoice disputes relating to enforcement of the preliminary injunction issued on June 22, 2012. (Doc. No. 33.) The stay shall remain in place for six months from the date of this Order or until the Ninth Circuit issues an opinion in the appeal from Civ. No. 12-00240 (Ninth Circuit Case No. 13-15071), whichever is earlier.

The parties' motions for summary judgment (Doc. Nos. 168-75) are DEEMED WITHDRAWN. The motions will be automatically reinstated after the stay is lifted or expires.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 24, 2013



Alan C. Kay
Sr. United States District Judge

F.K. v. Dep't of Educ., Civ. No. 12-00136 ACK RLP, Order Staying Action